**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**THE CHRISTIAN BROADCASTING NETWORK, INC., and**
**M. G. "PAT" ROBERTSON,**

           **Plaintiffs,**

    **v.**                                      **CIVIL ACTION NO. 2:05cv558**

**PHILLIP BUSCH,**

           **Defendant.**

*MEMORANDUM OPINION AND ORDER*

       This matter is before the Court on Defendant, Phillip Busch's Motion to Dismiss for Lack of Personal Jurisdiction and Defendant's "Motion to Stay, to Dismiss, or to Transfer Venue." For the reasons stated below, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED** and Defendant's Motion to Stay is **GRANTED**.

**I.  FACTUAL AND PROCEDURAL HISTORY**

       Christian Broadcasting Network, Inc. ("CBN") is a Virginia nonprofit corporation that produces a television program titled *The 700 Club* in Virginia Beach, Virginia.  *The 700 Club* television program included features about diet and exercise.  A diet shake recipe was developed by M.G. "Pat" Robertson ("Robertson") and offered to viewers of *The 700 Club*.  In 2005, the viewing audience of *The 700 Club* was encouraged to submit "before" and "after" photographs showing weight loss as part of the "Weight Loss Challenge."  Defendant mailed pictures showing significant weight loss to CBN.  Defendant also called CBN to request an opportunity to appear

on *The 700 Club* show.

On July 13, 2005, Defendant was filmed at CBN studios in Virginia Beach for an appearance on *The 700 Club*.  Prior to his appearance, Defendant signed a release and authorization form permitting the use of Defendant's photos, name and likeness for use on *The 700 Club* and later for a television commercial to promote the "Weight Loss Challenge."  During the interview, Defendant discussed his weight loss and exercise experience and spoke of the diet shake recipe created by Robertson.  Defendant also made comments about a pre-packaged mix for the diet shake available at General Nutrition Center ("GNC") stores.  Manufacture and sale of the pre-packaged mix, called "Pat's Shake,"™ is licensed and authorized by Robertson but not sold or advertised by CBN.

After Defendant's appearance, he attempted to become a compensated endorser of Pat's Shake.  Defendant submitted a proposal to CBN and discussed the opportunity to be an endorser with several people at CBN.  However, CBN declined to enter into an endorsement agreement with Defendant.[1]  Defendant, through legal counsel, made several written and telephonic attempts to reach an agreement with CBN.  From on or about August 23, 2005, and continuing, Defendant appeared on a local radio station and participated in press releases and new articles discussing the situation with CBN and Robertson. (*See* Pls' Br. Opp. to Def. Motion to Dismiss ("Pls' Opposition"), Exhs. 8-12).

In a letter dated September 19, 2005, Defendant's counsel informed CBN's counsel that Defendant intended to file suit in Dallas, Texas to pursue his claims.  On September 20, 2005,

---

[1]CBN argues that "Pat's Shake"™ is a separate venture that was unrelated to CBN and that CBN was in no position to enter into a contract regarding this product. (Complaint ¶ 16).

Defendant filed suit in the 95th District Court of Dallas County, Texas ("Texas action") asserting claims against CBN, Robertson, GNC, Basic Organics, Inc., and David Hawk based on misappropriation of his personal image and violation of his right to publicity.[2]  On September 21, Plaintiffs filed the instant action seeking a declaration that defines the rights and obligations of the parties.   On October 28, 2005, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction and "Motion to Dismiss, to Stay, or to Transfer Venue."  These motions are presently before the Court and have been fully briefed by both parties.  This matter is now ripe for determination before the Court.

## II.  LEGAL STANDARDS

### A.  Plaintiff's Burden of Establishing Personal Jurisdiction

When a court's personal jurisdiction is challenged by a motion under Federal Rule of Civil Procedure 12(b)(2), the jurisdictional question is one for the court, with the burden on the plaintiff to prove the grounds for jurisdiction by a preponderance of the evidence.  When "the district court decides a pretrial personal jurisdiction motion without an evidentiary hearing, the plaintiff need only prove a prima facie case of personal jurisdiction." *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993).  The court must draw all reasonable inferences and resolve all factual disputes in the plaintiff's favor. *Id.*

Under Rule 12(b)(2), the accepted practice is to consider extra-pleading material rather than accept the allegations of the complaint as true. *Wilson-Cook Medical, Inc. v. Wilson*, 942

---

[2]The Texas action was subsequently removed to the United States District Court for the Northern District of Texas, Dallas Division on October 17, 2005.  Plaintiffs currently have pending motions before that court seeking to dismiss Defendant's suit for improper venue, or in the alternative, to transfer Defendant's suit to this Court.

F.2d 247, 253 (4th Cir. 1991) (accepting, without direct comment, district court's consideration of affidavits in ruling on 12(b)(2) motion to dismiss); *Mylan Laboratories, Inc.*, 2 F.3d at 60-62 (4th Cir. 1993) ("district court correctly looked at proffered proof" in ruling on motion to dismiss for lack of jurisdiction under 12(b)(2)).

Although it is true that a plaintiff opposing a Rule 12(b)(2) motion to dismiss for lack of jurisdiction is entitled to have all reasonable inferences from the parties' proof drawn in his favor, district courts are not required to look solely to the plaintiff's proof in drawing these inferences. *Id*.

**B. Personal jurisdiction**

A two-prong test governs an analysis of in personam jurisdiction. The first prong requires that the activity of the defendant fall within the reach of Virginia's long arm statute which states "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this Commonwealth[.]" Va. Code Ann. § 8.01-328.1(A)(1) (2000). The second prong requires that the defendant have minimum contacts with the state so that the exercise of jurisdiction does not offend basic notions of due process. *Wolf v. Richmond County Hosp. Auth.*, 745 F.2d 904, 909 (4th Cir. 1984), *cert. denied*, 474 U.S. 826 (1985). However, under case law, the long-arm statute, Virginia Code § 8.01-328.1, extends personal jurisdiction to the limits of due process. *Peanut Corp. of Am. v. Hollywood Brands, Inc.,* 696 F.2d 311, 313 (4th Cir. 1982); *Danville Plywood Corp. v. Plain & Fancy Kitchens, Inc.,* 238 S.E.2d 800 (Va. 1977); *John G. Kolbe, Inc., v. Chromodern Chair Co.*, 180 S.E.2d 664, 667 (Va. Ct. App. 1971). Thus, there exists only one issue to be determined; that is, whether Defendant's activities in Virginia are such that in

personam jurisdiction may be exercised without violating due process. *See, e.g., Federal Ins. Co. v. Lake Shore, Inc.,* 886 F.2d 654, 657 n.2 (4th Cir. 1989); *Superfos Invs. Ltd. v. FirstMiss*, 774 F.Supp. 393, 397 (E.D. Va. 1991).

The due process clause of the United States Constitution requires that a defendant have "minimum contacts" with the forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Minimum contacts exist when the "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court here." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In order for a court's jurisdiction to be proper, "it is essential . . . that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Danville Plywood Corp. v Plain & Fancy Kitchens*, 238 S.E.2d 800, 802 (1977) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

In recent cases, the Supreme Court has developed a distinction between specific jurisdiction and general jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408,414 (1984). If the contacts with the forum are rare or limited but directly related to the cause of action, then the court's specific jurisdiction can be used to subject a defendant to suit in that court. *Id.* If a nonresident engages in some purposeful activity in the forum state, even a single act may constitute sufficient contact for a court to exercise personal jurisdiction. *Darden v. Heck's, Inc.,* 459 F. Supp. 956 (W.D. Va. 1978). On the other hand, if defendant's activities within the forum state are substantial and pervasive, the court may exercise general jurisdiction over the defendant. *Helicopteros*, 466 U.S. at 415-16.

**C. Transfer Venue**

A district court may transfer any civil action to any other district or division where it might have been brought if it is in the interest of justice, and for the convenience of parties and witnesses. 28 U.S.C. § 1404(a) (2005). Thus, when considering a motion to transfer venue, the Court must consider the plaintiff's choice of venue, the convenience of the parties and witnesses, and the interest of justice. *GTE Wireless v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D.Va. 1999). Because the plaintiff's choice of forum is typically entitled to substantial deference, it is the movant's burden to establish that transfer is proper in view of these considerations, *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D.Va. 2000), and Congress has committed any decision to transfer to the district court's discretion. *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984).

### III. DISCUSSION

**A.  Defendants' Motion to Dismiss for Lack of Personal Jurisdiction**

Defendant argues that this Court cannot properly exercise jurisdiction over him under Virginia's long-arm statute. Specifically, Defendant states that he has only directed limited acts toward Virginia and that Plaintiffs' declaratory judgment request does not arise from those limited acts. In their response, Plaintiffs argue that the Court has specific jurisdiction over Defendant because he has continuously initiated repeated, purposeful contacts with Plaintiffs in Virginia and voluntarily traveled to Virginia to appear on the television program. Plaintiffs also allege that Defendant "launched a two-front campaign to extract money from and defame Plaintiffs by (1) making repeated threatening and/or extortionate contacts in Virginia with Plaintiff's representatives, and (2) alone or in concert with his attorney and/or public relations

agent, contacting various Virginia media outlets to trumpet his cause and make disparaging remarks about Plaintiffs and their representatives."  (Pls' Opposition at 2).

Defendant argues that his only contacts with the Commonwealth of Virginia have been (1) email and telephone communications with various employees of *The 700 Club*; (2) travel to and from Virginia to appear on *The 700 Club*; (3) telephone communications and correspondence with John Turver of CBN regarding a sponsorship or endorsement contract; and (4) travel to and from Virginia in connection with a television interview that did not take place.  (Busch Dec., ¶ 29).  Defendant argues that because the declaratory judgment action does not arise from the limited contacts Defendant has made with Virginia, and instead relate to Plaintiffs' actions against Defendant the Court does not have personal jurisdiction.  *Coastal Video Communications, Corp v. Staywell Corp.*, 59 F.Supp. 2d 562, 566 (E.D.Va. 1999).

Defendant is correct that Plaintiffs are seeking declaratory judgment analyzing the legality of Plaintiffs' actions against Defendant.  However, Plaintiffs are also seeking relief from Defendant's public allegations against CBN and Robertson.  (Pls' Opposition at 8).  Plaintiff has provided evidence of Defendant's interview with a Virginia radio station, Defendant's interview with the Associated Press that was published in the Virginian Pilot, and disparaging comments made on the Defendant's website.  (Pls' Opposition, Exhs 9-12).  In addition, Defendant has admitted to contacting CBN to be a part of *The 700 Club* and  traveling to Virginia on two occassions for an interview and the appearance on *The 700 Club*.  Defendant "purposefully directed his activity toward Virginia and should have reasonably anticipate[d] being haled into court there." *Chung v. NANA Dev. Corp.*, 783 F.2d 1124, 1131 (4th Cir. 1986) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  Accordingly, Defendant has

met the minimum contacts requirement of the Virginia long-arm statute requirement for personal jurisdiction. The Court finds that it has specific jurisdiction over Defendant. *Id.* Therefore, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**.

**B. Motion to Dismiss, To Stay, or To Transfer Venue**

Defendant argues that this Court should dismiss, stay or transfer venue of Plaintiffs' claims pending resolution of the previously filed Texas action. Defendant relies on the "first-filed" rule arguing that because the Texas action and this instant action are "mirror image actions . . . pending in different districts" the first-filed action should be given priority and allowed to proceed in favor of the later action. (Mem. Supp. Def. Mot. Dismiss, Stay, Transfer Venue at 6) (citing *Ellicott Machine Corporation v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974) (first suit should be given priority absent showing of convenience factors in favor of second action )).

The first-filed rule generally gives priority to the first lawsuit filed when there are parallel actions pending in different venues. *See Ellicott Mach. Corp.*, 502 F.2d at 180 n.2. ("It has long been held in this circuit that, as a principle of sound judicial administration, the first suit should have priority, absent the showing of balance of convenience in favor of the second action."). Plaintiffs argue that the first-filed rule is inapplicable to the present case because the two cases are not "mirror images" of each other due to the additional parties involved in the Texas action. The Court disagrees with Plaintiffs' characterization of the two cases. In this declaratory judgment action, Plaintiffs seek a declaration that the claims of Defendant are without merit. Essentially, Plaintiffs wish for this Court to determine if Plaintiffs have misused Defendant's image and have any obligation to compensate Defendant for his appearance on *The 700 Club* or

the use of his name and likeness in connection with "Pat's Shake."™  These are the same issues

underlying Defendant's claims in the Texas action.  While the two cases may not be "mirror

images" of each other because of the additional parties in the Texas action, they constitute

parallel actions for purpose of the first-filed rule.  *New Buckley Mining Corp. v. Int'l Union et al*,

946 F.2d 1072, 1073 (4th Cir. 1991) ("Suits are parallel if substantially the same parties litigate

substantially the same issues in different forums.").

　　　Plaintiff additionally argues that even if the first-filed rule is applicable, the convenience

factors of 28 U.S.C. § 1404(a) would justify departure from the first-filed rule.  Many courts

recognize an exception to the first-filed rule when the balance of convenience clearly favors the

forum where the second action was filed. *General Foam Plastics Corp. v. Kraemer Export

Corp.*, 806 F. Supp. 88, 89 (E.D.Va. 1992).

> In determining whether to grant a motion to transfer under § 1404(a), a
> court considers and balances a variety of factors, including the
> convenience of the parties and witnesses; the cost of obtaining the
> attendance of witnesses; the availability of compulsory process; the
> interest in having local controversies decided at home; in diversity cases,
> the court's familiarity with the applicable law; and the interest of justice.

*Id*.

　　　However, the Court does not think it appropriate to make this determination.  "It is the

court in which the first-filed action was brought that should decided whether an exception to the

first-filed rule applies." *Touchstone Research Laboratory, Ltd. v. Anchor Equipment Sales, Inc.*,

294 F.Supp. 2d 823, 828 (N.D. W.Va. 2003) (citing *Citigroup Inc. v. City Holding Co.*, 97

F.Supp. 2d 549, 557 n. 4 (S.D. N.Y. 2000)).  Accordingly, the Court deems it proper to stay the

current proceeding until a decision on the motion to transfer has been made in the United States

District Court for the Northern District of Texas, Dallas Division.  Defendant's Motion to Stay is

**GRANTED**.[3]

## IV.  CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Dismiss for Lack of Personal

Jurisdiction is **DENIED**.  Defendant's Motion to Stay is **GRANTED** until which time the United

States District Court for the Northern District of Texas, Dallas Division has issued a decision

determining the proper venue.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order

to counsel of record.

**IT IS SO ORDERED.**


                                        _____/s/_____
                                        RAYMOND A. JACKSON
                                        UNITED STATES DISTRICT JUDGE


Norfolk, Virginia
January 9, 2006

---

[3]Since the Court has granted Defendant's Motion to Stay, it will not address Defendant's
alternative Motions to Dismiss, or to Transfer Venue.  Consideration of these motions is **MOOT**.