**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**THE CHRISTIAN BROADCASTING NETWORK, INC., and**
**M. G. "PAT" ROBERTSON,**

        **Plaintiffs,**

      **v.**                                **CIVIL ACTION NO. 2:05cv558**

**PHILLIP BUSCH,**

        **Defendant.**

### *MEMORANDUM OPINION & ORDER*

This matter is before the Court on Plaintiff Christian Broadcasting Network, Inc. ("CBN") and Plaintiff M.G. "Pat" Robertson ("Robertson")'s motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, CBN and Robertson's motions to dismiss are **GRANTED** in part and **DENIED** in part.

## I. FACTUAL AND PROCEDURAL HISTORY

CBN is a not-for-profit corporation organized and based in Virginia that produces *The 700 Club* television show. Robertson is the host of *The 700 Club*. During the spring and summer of 2005, *The 700 Club* featured segments on diet and exercise entitled "Pat's Weight Loss Challenge." As a part of this feature, *The 700 Club* gave away a diet shake recipe for free.

1

At approximately the same time, Robertson licensed and authorized the manufacturing of a pre-packed mix of "Pat's Shake" by Basic Organics, Inc.  "Pat's Shake" was sold through General Nutrition Corporation ("GNC") stores.

In March 2005, Defendant Phillip Busch ("Busch") became aware of "Pat's Weight Loss Challenge."  Busch is a professional body-builder who lost over two hundred pounds in fifteen months through a diet and exercise routine that incorporated elements of Robertson's program, including Robertson's shake recipe.  Busch sent CBN "before" and "after" pictures of himself demonstrating his weight loss, and agreed to allow CBN to use these photographs on the air to promote "Pat's Weight Loss Challenge."  CBN then featured Busch's photographs on *The 700 Club*.  Busch granted further permission for CBN to use his photographs in connection with a twelve-week promotional campaign for "Pat's Weight Loss Challenge."  *The 700 Club* aired the photographs in a commercial also featuring the diet shake for approximately four weeks.  During this time, Busch became aware that  "Pat's Shake" was being offered for sale as a commercial product in GNC stores, and demanded CBN withdraw the commercial using his photographs.  CBN discontinued the commercial.

On July 13, 2005, Busch appeared on *The 700 Club*.  Before his appearance, Busch signed a consent form authorizing CBN to use his image.  Busch alleges that he was encouraged to mention the GNC product on his own, as Robertson could not ask him specifically about his own commercial product on the not-for-profit CBN's show.  A substantial part of the discussion on the air involved the diet shake.  On July 18, 2005, Busch sent a proposal to CBN asking for a contract to be a promotional spokesman for the GNC shake.  CBN's vice president of marketing responded that Robertson already had a promoter for the GNC product, bodybuilder David

Hawk.  CBN's in-house attorney, Louis Isakoff ("Isakoff"), subsequently sent an email to Busch declining Busch's proposal.

On September 20, 2005, Busch filed suit in Texas state court against CBN, Robertson, GNC, Basic Organics, Inc., and David Hawk, stating claims based on misappropriation of image and intentional infliction of emotional distress.  On September 21, 2005, CBN and Robertson filed suit in this district seeking a declaration defining the rights and obligations of the parties. The Texas action was subsequently removed to federal court in Texas.  The charges against GNC, Basic Organics, Inc., and David Hawk were dismissed with prejudice.  CBN and Robertson filed motions to dismiss on October 21, 2005 and supplements to the motions on November 8, 2005.  Busch filed responses to these motions on November 10, 2005, and CBN and Robertson filed replies on November 23, 2005.  On December 7, 2005, Busch filed an amended complaint, adding claims of fraud, unjust enrichment, and civil conspiracy.  On December 22, 2005, CBN and Robertson filed amended motions to dismiss.  On January 12, 2006, Busch filed a response, and on January 27, 2006, CBN and Robertson replied.  This Court consolidated the transferred Texas action and the Virginia declaratory judgment action on May 22, 2006.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted.  Although courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference, *see Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985), courts will favorably construe

3

the allegations of the complainant, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), and assume that

the facts alleged in the plaintiff's complaint are true.  *See McNair v. Lend Lease Trucks, Inc.*, 95 F.3d

325, 327 (4th Cir. 1996).  A court will only grant a motion to dismiss if "it appears to a certainty that

the plaintiff would be entitled to no relief under any state of facts which could be proved in support

of his claim."  *Johnson v. Mueller*, 415 F.2d 354, 354 (4th Cir. 1969).

### III. DISCUSSION

**A.  Choice of Law**

Busch's Texas action was transferred by CBN and Robertson, the defendants in that case, to

this district pursuant to 28 U.S.C. § 1404(a) (2000), which permits transfer "[f]or the convenience

of parties and witnesses, in the interest of justice."  In general, a district court in a diversity action

should apply the conflict of laws rules of its state's courts.  *Klaxon Co. v. Stentor Electric Mfg. Co.*,

313 U.S. 487, 496 (1941).  However, the Supreme Court has held that, "[A] § 1404(a) transfer [does]

not alter the state law to be applied ."  *Van Dusen v. Barrack*, 376 U.S. 612, 643 (1964); *see also*

*Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) ("We thus held [in *Van Dusen*] that the law

applicable to a diversity case does not change upon a transfer initiated by a defendant.").  Therefore,

Texas choice of law provisions apply to this case.

Texas applies the Restatement's "most significant relationship" test to analyze choice of law

issues.  *See Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000) (citing

Restatement (Second) of Conflict of Laws §§ 6, 145 (1971)).  First, under the Restatement, there are

seven general principles to follow in determining which state's law applies:

(a) the needs of the interstate and international systems,

4

(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6(2).  In addition, § 145 of the Restatement states that, "The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6."  Restatement (Second) of Conflict of Laws § 145(1).  Four contacts are to be taken into account in applying the § 6 factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."  Restatement (Second) of Conflict of Laws § 145(2).  In this case, the four § 145 contact factors point in different directions. The injury to Busch occurred in Texas, as this is where Busch resides, where he saw the CBN commercials allegedly misappropriating his image, and where he received allegedly fraudulent and emotionally distressing correspondence from CBN.  The conduct causing the injury, however, occurred in Virginia.  The parties reside in Texas and Virginia.  The last relevant point of contact is the place where the relationship between the parties is centered, which in this case is Virginia. After becoming aware of "Pat's Weight Loss Challenge," Busch initiated contact with CBN in Virginia by informing them of his weight loss and sending before and after pictures.  Busch traveled to Virginia to appear on *The 700 Club*.  Although the parties communicated between Virginia and

Texas, given Busch's initiation of contact with Virginia and travel to Virginia, the balance favors Virginia as the place where the relationship between Busch and CBN and Robertson was centered. Finally, the Supreme Court of Texas "has often applied more specific sections of the Restatement to address particular choice of law issues." *Hughes*, 18 S.W.3d at 206, 206 n.2 (holding that the lower court erred in failing to consider an additional issue-specific Restatement provision).

## B. Misappropriation of Image

Texas choice of law principles point toward the application of Virginia law to Busch's misappropriation of image claim. Misappropriation of image is a statutory cause of action in Virginia. *See* Va. Code Ann. § 8.01-40 (2000). The Supreme Court of Virginia has stated that, "We are of the view that Code § 8.01-40(A) is aimed at preventing the appropriation, without consent, of an individual's name or likeness." *Lavery v. Automation Mgmt. Consultants, Inc.*, 234 Va. 145, 154, 360 S.E.2d 336, 342 (1987). Although Texas has an interest in protecting its citizens' likenesses from being appropriated without their consent, Virginia has a very strong interest in applying its misappropriation statute to television productions based in Virginia. *See* Va. Code. Ann. § 8.01-40(A) (providing for exemplary damages in the event a defendant knowingly misappropriates a "person's name, portrait, or picture"); Restatement (Second) of Conflict of Laws § 6(2)(c) (stating "the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue" factor). Virginia television productions should reasonably expect to be held accountable to Virginia's statute. *See* Restatement (Second) of Conflict of Laws § 6(2)(d) (stating "the protection of justified expectations" factor). The Commonwealth of Virginia has the "most significant" relationship to the misappropriation of image claim.

6

As noted above, misappropriation of image claims in Virginia are governed by Va. Code Ann. § 8.01-40. This statute creates "a right of privacy in a limited form." *Town & Country Props., Inc. v. Riggins*, 249 Va. 387, 394, 457 S.E.2d 356, 362 (1995). Specifically, the statute provides a cause of action for "[a]ny person whose name, portrait, or picture is used without having first obtained the written consent of such person . . . for advertising purposes or for the purposes of trade . . . against the person, firm, or corporation so using such person's name, portrait, or picture." Va. Code Ann. § 8.01-40(A). Courts have noted that this statute is "substantially similar" to New York's privacy statute, and have looked to New York courts for guidance in its interpretation. *Town & Country*, 249 Va. at 394, 457 S.E.2d at 362.

The Supreme Court of Virginia has noted that, "Use for 'advertising purposes' and use 'for the purposes of trade' are separate and distinct statutory concepts." *Id.* Furthermore, "Claims based, as here, on the use of a name 'for advertising purposes' have received a more liberal treatment by the courts than those based on use 'for purposes of trade.'" *Id.* at 394-95, 457 S.E.2d at 362. A picture "is used 'for advertising purposes' when 'it appears in a publication which, taken in its entirety, was distributed for use in, or as part of, an advertisement or solicitation for patronage of a particular product or service.'" *Id.* at 395, 457 S.E.2d at 362 (quoting *Beverly v. Choices Women's Med. Ctr., Inc.*, 78 N.Y.2d 745, 751, 587 N.E.2d 275, 278 (1991)).

Busch is asserting claims for the misappropriation of his image against both CBN and Robertson. He alleges that CBN and Robertson used his before and after weight loss pictures to promote the commercial sale of Pat's Shake without his consent. Busch asserts that although he gave consent for CBN to use his photographs in connection with "Pat's Weight Loss Challenge," CBN exceeded the scope of that consent when they aired his pictures as part of a commercial

7

featuring Pat's Shake, which was being sold as a commercial product in addition to being given away freely as a recipe by CBN. CBN argues that it was given consent to use Busch's pictures. Busch did sign a broad consent form before appearing on *The 700 Club*, but Virginia's statute requires consent to be given before the alleged misappropriation occurs. Va. Code Ann. § 8.01-40(A). The alleged misappropriation in this case took place in the weeks before Busch appeared on CBN's show. Busch alleges that the only consent he gave prior to CBN's use of his photographs was restricted in scope to promotional use regarding "Pat's Weight Loss Challenge." Busch can therefore maintain a misappropriation of image claim despite his later signing a consent form.

CBN and Robertson also argue that their use of Busch's photographs was not for advertising purposes or for the purposes of trade. Busch alleged that his before and after weight loss pictures were used on *The 700 Club* itself and in a commercial featuring the diet shake. Although CBN did freely give away the shake's recipe, the shake was also a commercial product. As noted above, the term "advertising purposes" from the statute is construed broadly. *Town & Country*, 249 Va. at 394-95, 457 S.E.2d at 362. Busch has properly alleged that CBN and Robertson used his pictures for advertising purposes without his consent, properly stating a claim for misappropriation of image.

**C. Intentional Infliction of Emotional Distress**

Busch's intentional infliction of emotional distress claim should be analyzed under Texas law. The emotional distress claim alleges an intentional tort directed toward Busch in Texas. The Restatement posits that with respect to personal injury actions, the law of the state where the injury occurred is applied, unless the general principles of § 6 say otherwise. Restatement (Second) of Conflict of Laws § 146. Busch's emotional distress occurred in Texas, and the § 6 factors do not justify applying Virginia law. This particular claim falls squarely under a Texas law analysis.

In order to state a claim for intentional infliction of emotional distress in Texas, the plaintiff must allege: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). "[M]ere insults, indignities, threats, annoyances, or petty oppressions" do not constitute extreme and outrageous conduct. *Ugalde v. W.A. McKenzie Asphalt Co.*, 990 F.2d 239, 243 (5th Cir. 1993); *see also GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999); *Brewerton v. Dalrymple*, 997 S.W.2d 212, 215 (Tex. 1999) ("[T]he fact that an action is intentional, malicious, or even criminal does not, standing alone, mean that it is extreme or outrageous for purposes of intentional infliction of emotional distress."). "In determining whether certain conduct is extreme and outrageous, courts consider the context and the relationship between the parties." *GTE Southwest*, 998 S.W.2d at 612.

Busch alleges that CBN's in-house attorney sent a letter to Busch which contained threats to reveal embarrassing information concerning Busch's private life. This is the only action Busch alleges that caused him emotional distress. This letter was in response to a letter from Busch's attorney demanding formal compensation for the use of his photographs. Viewed in the light of the adversarial nature of the parties' relationship at the time, a single threatening letter does not constitute extreme and outrageous conduct sufficient to state a claim for intentional infliction of emotional distress. Consequently, Busch's intentional infliction of emotional distress claim against CBN is dismissed.

**D.  Fraud**

Busch's fraud claim will also be analyzed under Texas law.  Busch's alleged reliance element for his fraud claim, the granting of limited consent to use his photographs, took place in Texas, while the representations themselves were made in Virginia.  In circumstances such as this, Texas courts and the Restatement look to additional factors in determining choice of law for fraud claims.  *See Vanderbilt Mortgage & Fin., Inc. v. Posey*, 146 S.W.3d 302, 315 (Tex. App. 2004); Restatement (Second) of Conflict of Laws § 148(2).  These factors include:

> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
> (b) the place where the plaintiff received the representations,
> (c) the place where the defendant made the representations,
> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties,
> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Restatement (Second) of Conflict of Laws § 148(2).  Busch received and acted in reliance on the representations in Texas, and CBN and Robertson made the representations in Virginia.  The parties reside in Texas and Virginia.  The commentary to the Restatement provision states, "The domicil, residence and place of business of the plaintiff are more important than are similar contacts on the part of the defendant."  Restatement (Second) of Conflict of Laws §148 cmt. i.  Although Busch is the defendant in this consolidated action, he is the plaintiff in asserting the claims at issue.  CBN and Robertson sent the representations from Virginia, but Busch received them and allegedly relied on and was injured by them in Texas.  In short, Texas has the most significant relationship to the fraud claim.

Busch alleges that CBN and Robertson misrepresented to him that his photographs would only be used to promote "Pat's Weight Loss Challenge," and not a commercial product.  In order to properly allege fraud under Texas law, a plaintiff must plead:

> (1) that a material representation was made; (2) that it was false; (3) that when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; (6) that he thereby suffered injury.

*Stone v. Lawyers' Title Ins. Co.*, 554 S.W.2d 183, 185 (Tex. 1977).  Federal Rule of Civil Procedure 9(b) contains a heightened specificity requirement for allegations of fraud.  Fed. R. Civ. P. 9(b); *see also Westinghouse v. Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999).  This rule requires pleading the time, place, and content of the false representations, the person making them, and what that person gained from them.  *Westinghouse*, 176 F.3d at 784.  However,  "A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts."  *Id.*

Busch's amended complaint fails to specify which statements from CBN and Robertson were fraudulent.  Busch's response to CBN and Robertsons' amended motions to dismiss cites two statements by a CBN employee found in an attachment to CBN and Robertsons' motions as the statements constituting fraud.  Normally, a court cannot consider matters outside the pleadings in ruling on a Rule 12(b)(6) motion.  *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).  However, "[A] significant number of cases from throughout the federal court system make it clear that the defendant may introduce [a relevant] document as an exhibit to

11

a motion attacking the sufficiency of the pleading."  5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 (3d ed. 2004); *see also Miller v. Pacific Shore Funding*, 224 F. Supp. 2d 977, 984 n.1 (D. Md. 2002), *aff'd*, 92 Fed. Appx. 933 (4th Cir. 2004); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (collecting cases).  In this case, CBN and Robertson cannot claim to be unaware of the circumstances for which they will have to prepare a defense for trial, and Busch has substantial evidence of the facts in the attachments as they are emails to him and his wife.  Therefore, the Court will consider the statements in ruling on the present motion to dismiss.

The first statement is in the context of an email from Ellen Eaton ("Eaton"), a CBN employee, to Busch informing Busch of the proper address for sending his weight loss pictures. Eaton states, "Thank you for being willing to be an encouragement to our viewers."  The Christian Broadcasting Network, Inc.'s Am. Fed. R. Civ. P. Rule 12(b)(6) Mot. to Dismiss for Failure to State a Claim, Aff. of Ellen Eaton, Ex. A.  The second statement is in an email from Eaton to Busch's wife asking for permission to use Busch's pictures on the air.  Eaton stated that, "[W]e strongly feel that Phil's story is incredibly encouraging and that our viewers would see in Phil's photos that dreams truly do come true!"  *Id.*, Ex. C.  Busch alleges that he was essentially tricked into providing his photographs to CBN by CBN's assurances that the pictures would be used only for inspirational purposes, and not to sell a commercial product.  The Court finds that Busch has satisfied the requirements of Rule 9(b).  Assuming the facts alleged in Busch's complaint are true, the two referenced statements may ground a claim for fraud against CBN.

Busch also alleges that when CBN made the representations in question it was acting as an agent of Robertson.  "Fraud of an authorized agent made while acting within the scope of his

12

authority may render the principal liable in damages." *Powell v. Andrews*, 220 S.W.2d 718, 721 (Tex. Civ. App. 1949); *see also Pasadena Assocs. v. Connor*, 460 S.W.2d 473, 479 (Tex. Civ. App. 1970). Therefore, Busch can assert a fraud claim against Robertson.

**E.  Unjust Enrichment**

The unjust enrichment claim is analyzed under Virginia law.  In addition to the standard §§ 6 and 145 factors, the Restatement lists several others specific to restitution-based claims. Restatement (Second) of Conflict of Laws § 221; *see also Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 405 (5th Cir. 2004) (applying § 221 to a Texas choice of law issue involving unjust enrichment).  The specific factors to consider here are:

> (a) the place where a relationship between the parties was centered, provided that the receipt of enrichment was substantially related to the relationship,
> (b) the place where the benefit or enrichment was received,
> (c) the place where the act conferring the benefit or enrichment was done,
> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
> (e) the place where a physical thing, such as land or a chattel, which was substantially related to the enrichment, was situated at the time of the enrichment.

Restatement (Second) of Conflict of Laws § 221(2).  Busch argues that Robertson was unjustly enriched by the use of Busch's photographs for commercial purposes without consent.  As between Texas and Virginia, the relationship between the parties was centered more toward Virginia given Busch's initiation of contact with Robertson in Virginia and Busch's travel to Virginia.  The enrichment (Busch's before and after pictures) was received in Virginia, and Robertson allegedly commercially benefitted from their use in Virginia.  As opposed to the fraud claim, the essence of

13

which are the alleged material misrepresentations CBN and Robertson directed to Texas, the unjust enrichment claim is based on Robertson's misuse in Virginia of material supplied by Busch. Accordingly, Virginia has the most significant relationship to the unjust enrichment claim.

Under Virginia law, unjust enrichment is a quasi-contract claim based on equity. *Kern v. Freed Co.*, 224 Va. 678, 680-81, 299 S.E.2d 363, 364-65 (1983). There is some confusion among Virginia courts as to the status of unjust enrichment as a separate cause of action. *Compare Makel v. Tredegar Trust Co.*, No. CH05-339, 2005 WL 3489768, at *2 n.16 (Va. Cir. Ct. Oct. 24, 2005) (stating that unjust enrichment can exist outside of the quasi-contract sense), *with Steele v. Batalo*, 62 Va. Cir. 102, 108 (2003) ("[T]his court is of the opinion that while unjust enrichment is recognized in Virginia as a rationale for implying a contract or trust . . . it is not a cause of action by itself."). This court has held that unjust enrichment exists in Virginia only as an action of assumpsit for money had and received. *John C. Holland Enters., Inc. v. J.P. Mascaro & Sons, Inc.*, 653 F. Supp. 1242, 1246 (E.D. Va. 1987) (stating that unjust enrichment in Virginia is based on a contractual relationship). Although the Supreme Court of Virginia has never directly addressed an unjust enrichment claim standing alone, it has linked unjust enrichment to quasi-contract on several occasions. *See Po River Water & Sewer Co. v. Indian Acres Club of Thornburg, Inc.*, 255 Va. 108, 114, 495 S.E.2d 478, 482 (1998); *Kern*, 224 Va. at 680-81, 299 S.E.2d at 364-65; *Rinehart v. Pirkey*, 126 Va. 346, 351, 101 S.E. 353, 354 (1919); *City of Norfolk v. Norfolk County*, 120 Va. 356, 364, 91 S.E. 820, 822 (1917). In addition, multiple lower court decisions in Virginia apply a quasi-contractual analysis to unjust enrichment claims. *See, e.g., Primrose Dev. Corp. v. Benchmark Acquisition Fund I, LP*, 47 Va. Cir. 296, 298 (1998); *Singer v. Dungan*, No. 107888, 1992 WL 884986, at *4 (Va. Cir. Ct. Oct. 28, 1992) ("The remedy for unjust enrichment is the imposition of

14

a quasi-contract on the party in receipt of the benefit."). The elements of quasi-contract unjust enrichment are:

> (1) a benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value.

*Whitehurst v. Cho*, No. 99231, 1992 WL 884510, at *1 (Va. Cir. Ct. Feb. 19, 1992); *see also Aerotek, Inc. v. Tyonek Native Corp.*, No. 1:05cv1080, 2005 WL 3372872, at *3 (E.D. Va. Dec. 8, 2005); *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F. Supp. 2d 533, 537 (E.D. Va. 2005); *Nossen v. Hoy*, 750 F. Supp. 740, 744-45 (E.D. Va. 1990). Unjust enrichment claims arise "when there is no contractual relationship." *Aerotek*, 2005 WL 3372872 at *3.

Busch alleges that, "Robertson has been unjustly enriched as a result of using the photographs to promote Robertson's shake and therefore, Busch is entitled to restitution." Pl.'s First Am. Compl. ¶ 85. Busch's complaint states that he gratuitously provided his photographs to Robertson through CBN for non-commercial purposes only. Therefore Busch's complaint shows a benefit conferred on Robertson. It is undisputed that Robertson knew that Busch provided the photographs. Finally, Busch has alleged that Robertson retained and accepted his photographs without compensating him for the commercial use of them, thus retaining the benefit without paying for its value. Busch has properly asserted a claim for unjust enrichment against Robertson.

## F. Civil Conspiracy

Lastly, Busch's civil conspiracy claim is analyzed under Virginia law. There is no specific Restatement section dealing with civil conspiracy, so the general principles of §§ 6 and 145 apply. Although Busch is a resident of Texas, the alleged conspiracy existed totally in Virginia. The

misappropriation of image claim at the heart of the civil conspiracy is governed by Virginia law. Virginia has a strong interest in deterring unlawful conspiracies within its borders. Virginia has the most significant relationship with the civil conspiracy.

In Virginia, "A common law conspiracy consists of two or more persons combined to accomplish, by some concerted action, some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means." *Commercial Bus. Sys., Inc. v. BellSouth Servs., Inc.*, 249 Va. 39, 48, 453 S.E.2d 261, 267 (1995); *see also T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 845 (4th Cir. 2004) (holding that a plaintiff had properly stated a common law civil conspiracy claim by alleging that the parties to the conspiracy intentionally acted together to sell a property without paying the plaintiff a commission for work performed, resulting in monetary damage to the plaintiff). The foundation of civil conspiracy "is the damage caused by the acts committed in furtherance of the conspiracy." *Commercial Bus. Sys.*, 249 Va. at 48, 453 S.E.2d at 267.

Busch alleges that CBN and Robertson conspired to promote Pat's Shake using CBN's tax-exempt resources, in violation of the Internal Revenue Code. Busch also alleges that CBN and Robertson conspired to commit and in fact committed fraud and other unlawful acts in furtherance of their conspiracy. He claims that CBN and Robertson intentionally used his image to commercially promote Pat's Shake without his permission and without compensating him. These acts, he alleges, caused Busch injury. The Court concludes that Busch has sufficiently alleged a civil conspiracy under Virginia law against CBN and Robertson.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** CBN's motion to dismiss Busch's claim for intentional infliction of emotional distress, and **DENIES** CBN and Robertson's motions to dismiss Busch's claims for misappropriation of image, fraud, unjust enrichment, and civil conspiracy.

It is further **ORDERED** that the stay in this case is lifted.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 3, 2006

17