IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**THE CHRISTIAN BROADCASTING NETWORK, INC., and
M. G. "PAT" ROBERTSON,**

        **Plaintiffs,**

        v.                                    **CIVIL ACTION NO. 2:05cv558**

**PHILLIP BUSCH,**

        **Defendant.**

### *MEMORANDUM OPINION & ORDER*

This matter is before the Court on Plaintiff Christian Broadcasting Network, Inc. ("CBN") and Plaintiff M.G. "Pat" Robertson ("Robertson")'s original and amended motions for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, the Court will **DEFER** ruling on CBN and Robertson's amended motion to dismiss.

### I. FACTUAL AND PROCEDURAL HISTORY

On September 20, 2005, Busch filed suit in Texas state court against CBN, Robertson, and several other defendants, stating claims based on misappropriation of image and intentional infliction of emotional distress. On September 21, 2005, CBN and Robertson filed suit in this

district seeking a declaratory judgment defining the rights and obligations of the parties. The Texas action was subsequently removed to federal court in Texas. The charges against all defendants apart from CBN and Robertson were dismissed with prejudice. On May 5, 2006, the Texas action was transferred to this Court. On May 22, 2006, the Court consolidated the transferred Texas action into the declaratory judgment action.

On January 23, 2007, CBN and Robertson filed a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). On January 29, 2007, Phillip Busch ("Busch") filed a response to CBN and Robertson's motion to dismiss, seeking a judgment for costs incurred defending the declaratory judgment action. Also on January 29, 2007, CBN and Robertson filed an amended motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). On January 31, 2007, CBN and Robertson filed a memorandum in opposition to Busch's motion for reimbursement of costs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that a plaintiff is allowed to voluntarily dismiss an action upon an order of the court. Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* An order allowing dismissal under Rule 41(a)(2) is subject to "such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).

### III. DISCUSSION

CBN and Robertson have moved the Court to voluntarily dismiss their declaratory judgment action against Busch. The Court notes that the case filed by Busch in Texas and subsequently transferred to this Court was previously consolidated into the declaratory judgment action filed by CBN and Robertson, pursuant to this Court's Order dated May 22, 2006. The transferred case was consequently closed, leaving the declaratory judgment action the active case before this Court. However, the Court finds no reason for the declaratory judgment action to proceed, as a resolution of Busch's claims against CBN and Robertson will be dispositive of this case. Therefore, CBN and Robertson's *claim* for declaratory judgment will be dismissed, subject to the conditions discussed below. This case will continue to be docketed under Civil Action No. 2:05cv558.

Busch has requested the Court to grant him costs incurred in defending the declaratory judgment action. CBN and Robertson argue that an award of costs is not appropriate because under Federal Rule of Civil Procedure 41(d), costs in connection with dismissed actions can be awarded, "If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant . . . ." Fed. R. Civ. P. 41(d). CBN and Robertson state that this does not apply to the instant case. However, the United States Court of Appeals for the Fourth Circuit has held that a court should impose a condition for the plaintiff to pay a portion of the defendant's taxable costs "as a matter of course in most cases" involving voluntary dismissal. *Davis v. USX Corp.*, 819 F.2d 1270, 1276 (4th Cir. 1987). It

should be noted that any attorney's fees claimed by Busch are only appropriate to the extent that the work represented could not be carried over to his case against CBN and Robertson.  *See id.*

CBN and Robertson's motion to voluntarily dismiss will be granted subject to the condition that CBN and Robertson pay Busch's reasonable costs and attorney's fees incurred in defending the declaratory judgment action.  Courts have held that a plaintiff dissatisfied with the conditions can simply decline to pay.  *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 n.5 (5th Cir. 1990).  In that case, the Court may convert the dismissal into a dismissal with prejudice.  *Id.*

## IV.  CONCLUSION

For the foregoing reasons, it is,

**ORDERED** that CBN and Robertson's amended motion to voluntarily dismiss is **GRANTED** with the condition that CBN and Robertson pay Busch's taxable costs and fees.  As CBN and Robertson have filed an amended motion to dismiss, CBN and Robertson's original motion to dismiss, filed on January 23, 2007, is **MOOT**.

It is further **ORDERED** that within fifteen (15) days of the receipt of this Memorandum Opinion and Order, Busch shall file with the Court an affidavit specifically detailing the costs incurred in defending CBN and Robertson's declartory judgment action.  CBN and Robetson shall then file a reply within fifteen (15) days.  If any taxable costs and fees are warranted, the Court shall so rule.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 13, 2007