## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

PHILIP BUSCH,

        Plaintiff,

v.                                          Civil Action No. 2:05cv558

THE CHRISTIAN BROADCASTING
NETWORK, INC. and M.G. "PAT"
ROBERTSON,

        Defendants.


### *MEMORANDUM OPINION*

This matter is before the Court on The Christian Broadcasting Network, Inc.'s ("CBN")

and M.G. "Pat" Robertson's ("Robertson") (collectively "Defendants") motion for summary

judgment pursuant to Federal Rule of Civil Procedure 56.  On April 6, 2007, the Court granted

Defendants' motion.  This memorandum opinion explicates the Court's holding.


## I.  FACTUAL AND PROCEDURAL HISTORY

CBN is a not-for-profit corporation organized and based in Virginia that produces *The*

*700 Club* television show.  Robertson is the Chairman and Chief Executive Officer of CBN and

is also one of the hosts of *The 700 Club*.  Prior to summer 2005, *The 700 Club* began to feature

segments highlighting diet and exercise.  These segments became known as the "Weight Loss

Challenge."  The Weight Loss Challenge featured an exercise program as well as dietary recommendations and the ingredients for a vegetable salad and high-protein shake.  CBN provided the information comprising the Weight Loss Challenge to the public free of charge via telephone request and internet posting.  As part of its efforts promoting the Weight Loss Challenge, CBN occasionally aired "before" and "after" pictures of participants who had experienced weight loss because of the Weight Loss Challenge.

In 2004, Robertson, through his own company separate from CBN, authorized the creation of a commercially available soy-based diet shake.  Robertson licensed his name for use in marketing the shake.  The commercial shake was manufactured and sold by Basic Organics, Inc.

Philip Busch ("Busch") is a bodybuilder living in Addison, Texas.  Busch became aware of the Weight Loss Challenge and incorporated some of its components into his fitness routine, including the diet shake and salad recipes.  In 2005, Busch contacted *The 700 Club* to inform them of his use of Robertson's Weight Loss Challenge advice and Busch's resulting physical transformation.  Busch sent in "before" and "after" pictures of himself to substantiate his story. Ellen Eaton ("Eaton"), a project specialist for *The 700 Club*, responded to Busch's submission and requested permission to use Busch's pictures on the show in connection with the Weight Loss Challenge.  On April 10, 2005, Eaton received an email from Busch and Busch's wife that stated, "[W]e hereby grant permission for CBN/The 700 Club to use [Busch's] pictures on the air in association with the Weight Loss Challenge."  (Defs.' Mem. in Supp. of Their Mot. for Summ. J., Ex. A attached to Ex. 4).

2

On April 13, 2005, Busch's photographs were featured on an episode of *The 700 Club*. The diet shake was mentioned in connection with elements of the Weight Loss Challenge as providing some of the ingredients for Busch's bodybuilding success.  On April 18, 2005, Busch's wife sent another email to Eaton authorizing the use of Busch's photographs in a twelve-week series of commercials promoting the Weight Loss Challenge.  Busch's photographs were used for slightly less than two seconds in a sixty-second promotional spot that aired during a four-week period between late April and early May 2005.  The promotional spot does not mention the commercial shake.  The email authorizing the use of Busch's pictures for the promotional spot also states that, "Phil is also available to appear on the show in person if needed, to speak publicly on Pat's behalf to further promote the Weight Loss Challenge or to do endorsements in any way."  (*Id.* at Ex. B attached to Ex. 4).

Busch appeared on *The 700 Club* on July 13, 2005.  The diet shake was mentioned during Busch's conversation with Robertson, as were the other elements of the Weight Loss Challenge. After the show, Busch requested the chance to talk with Robertson regarding Busch's possible endorsement of the commercial shake product.  Busch's request was refused.

On September 20, 2005, Busch filed suit in Texas state court against CBN, Robertson, GNC, Basic Organics, Inc., and David Hawk, stating claims based on misappropriation of image and intentional infliction of emotional distress.  On September 21, 2005, CBN and Robertson filed suit in this district seeking a declaration defining the rights and obligations of the parties. The Texas action was subsequently removed to federal court in Texas.  The charges against GNC, Basic Organics, Inc., and David Hawk were dismissed with prejudice.  On December 7, 2005, Busch filed an amended complaint, adding claims of fraud, unjust enrichment, and civil

3

conspiracy.  On May 5, 2006, the Texas action was transferred to this Court.  This Court

consolidated the transferred Texas action and the Virginia declaratory judgment action on May

22, 2006.

On October 3, 2006, this Court granted CBN's motion to dismiss Busch's intentional

infliction of emotional distress claim, and denied Defendants' motions to dismiss Busch's

misappropriation of image, fraud, unjust enrichment, and civil conspiracy claims.  *The Christian

Broad. Network, Inc. v. Busch*, No. 2:05cv558, 2006 WL 2850624, at *9 (E.D. Va. Oct. 3, 2006)

("*Busch I*").  Defendants filed the instant motion for summary judgment on March 9, 2007.

Busch filed a response on March 29, 2007.[1]  Defendants filed a reply on March 30, 2007.  Busch

filed another response, out-of-time, on April 4, 2007; however, considering Busch's pro se status,

the Court will consider this filing in its summary judgment determination.


## II.  LEGAL STANDARD

Rule 56(c) provides for summary judgment if the Court, viewing the record as a whole,

determines "that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Haulbrook v. Michelin N. Am.,

Inc.*, 252 F.3d 696, 700 (4th Cir. 2001) (citing *McKinney v. Bd of Trustees of Mayland Cmty.

Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) (stating that "[S]ummary judgments should be granted in

---

[1] Busch notes that Defendants' *Roseboro* notice for their motion for summary judgment
states that Busch had eleven days to respond; however, the Local Rule of Civil Procedure 7(K)
provides pro se parties twenty days to respond to dispositive or partially dispositive motions.  As
Busch was obviously aware of the correct amount of time in which to file a response, and as the
Court will consider all of Busch's responses to the motion for summary judgment, Defendants'
error is harmless.  *See* Fed. R. Civ. P. 61.

those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not necessary to clarify the application of the law.")).  In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).  To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Id.* at 322.

## III.  DISCUSSION

### A.  Misappropriation of Image

Busch's primary claim is for the misappropriation of his image.  This Court has previously determined that Virginia law governs Busch's misappropriation of image claim. *Busch I* at *3.  Misappropriation of image claims in Virginia are governed by Va. Code Ann. § 8.01-40 (2000).  The Supreme Court of Virginia has held that this statute creates "a right of privacy in a limited form . . . ."  *Town & Country Props., Inc. v. Riggins*, 249 Va. 387, 394, 457 S.E.2d 356, 362 (1995).  The statute creates a cause of action for "[a]ny person whose name, portrait, or picture is used without having first obtained the written consent of such person, . . . for advertising purposes or for the purposes of trade, . . . against the person, firm, or corporation

so using such person's name, portrait, or picture to prevent and restrain the use thereof . . . ."  Va.

Code Ann. § 8.01-40(A).  "Use for 'advertising purposes' and use 'for the purposes of trade' are

separate and distinct statutory concepts."  *Town & Country*, 249 Va. at 394, 457 S.E.2d at 362.

In addition, "Claims based, as here, on the use of a name 'for advertising purposes' have received

a more liberal treatment by the courts than those based on use 'for purposes of trade.'"  *Id.* at 394-

95, 457 S.E.2d at 362.  A picture "is used 'for advertising purposes' when 'it appears in a

publication which, taken in its entirety, was distributed for use in, or as part of, an advertisement

or solicitation for patronage of a particular product or service.'"  *Id.* at 395, 457 S.E.2d at 362

(quoting *Beverley v. Choices Women's Med. Ctr., Inc.*, 78 N.Y.2d 745, 751, 587 N.E.2d 275, 278

(1991)).

Busch claims that CBN and Robertson misappropriated his image by using his "before"

and "after" weight loss pictures to advertise the commercial product "Pat's Shake."  Busch's

pictures were aired in three separate contexts:  (1) the April 13, 2005 episode of *The 700 Club*;

(2) the Weight Loss Challenge promotional spot; and (3) during Busch's July 13, 2005

appearance on *The 700 Club*.  Defendants have submitted DVD copies of all three of these

instances as exhibits to their motion for summary judgment.  (Defs.' Mem. in Supp. of Their

Mot. for Summ. J., Ex. A attached to Ex. 1, Ex. A attached to Ex. 2).  It must be noted at the

outset that Busch's complaint is that CBN and Robertson used Busch's image to promote the

*commercial* shake that was authorized by Robertson's company, and not CBN's Weight Loss

Challenge.  The Weight Loss Challenge also happened to include the recipe for a diet shake

along with a salad and other nutritional information and was given away without charge by CBN.

Busch does not dispute that he provided CBN and Robertson permission to use his image in

6

connection with the promotion of the Weight Loss Challenge.  (Pl.'s First Am. Compl. ¶¶ 21, 25).  In any event, the test is whether, with regard to the three instances listed above, Busch's image "appears in a publication which, taken in its entirety, was distributed for use in, or as part of, an advertisement or solicitation for patronage of" Robertson's commercial shake.  *Beverley*, 78 N.Y.2d at 751, 587 N.E.2d at 278, *quoted in Town & Country*, 249 Va. at 395, 457 S.E.2d at 362.

Busch's image first appeared on *The 700 Club* on April 13, 2005.  Busch's "before" and "after" weight loss pictures were placed on the screen with the "Pat's Weight Loss Challenge" caption.  (Defs.' Mem. in Supp. of Their Mot. for Summ. J., Ex. A attached to Ex. 1).  Robertson discussed the images as an example of someone's positive results from taking his nutritional advice.  (*Id.*).  Robertson and his co-host discussed Busch's images in connection with the entire Weight Loss Challenge program, including the shake, salad, and free information available from CBN.  (*Id.*).  The commercial product was never mentioned.  (*Id.*).  The segment ended with Robertson providing the telephone number for viewers to call and obtain the free Weight Loss Challenge booklet.  (*Id.*).  Taken in its entirety, this use of Busch's image was clearly to promote CBN's Weight Loss Challenge.  The commercial product was never mentioned, while the Weight Loss Challenge was prominently featured.  There was no misappropriation of Busch's image in connection with the April 13, 2005 airing.

The next publication involving Busch's image was CBN's Weight Loss Challenge promotional spot.  Busch's "before" and "after" pictures appear for about two seconds while a narrator discusses the success people have experienced with Pat's Weight Loss Challenge.  Again, the commercial shake product is never mentioned.  (*Id.* at Ex. A attached to Ex. 2).  Even

the Weight Loss Challenge shake is never verbally mentioned, although at one pont a blender is briefly shown mixing a shake, and there are two similarly brief animated images of blenders. (*Id.*).  In no way can Busch's image in the spot be construed to be any sort of endorsement of the commercial shake product.  Busch's image was not misappropriated in the Weight Loss Challenge promotional spot.

The last possible instance where Busch's image may have been misappropriated was during Busch's July 13, 2005 appearance on *The 700 Club*.  Busch was introduced as an example of someone who lost significant weight in a short period of time using some of Robertson's advice.  (*Id.* at Ex. A attached to Ex. 1).  Robertson asked Busch whether he used his shake or other elements of the Weight Loss Challenge.  (*Id.*).  Busch answered by mentioning the commercial shake product.  (*Id.*).  Most of the conversation was about Busch's career as a bodybuilder and his fitness routine.  (*Id.*).  Toward the end of the segment, Robertson mentioned the Weight Loss Challenge booklet, and Busch and Robertson discussed the salad.  (*Id.*).  Shortly afterward, Busch again brought up the commercial shake product.  (*Id.*).  Busch then promoted his fitness book.  (*Id.*).  At the end of the segment, Robertson thanked Busch for using the shake. (*Id.*).

Taken in its entirety, the July 13, 2007 episode of *The 700 Club* did not constitute a misappropriation of Busch's image.[2]  Although the word "shake" is mentioned more here than in the prior two instances, Robertson was discussing the Weight Loss Challenge shake.  However,

---

[2] The Court notes that Busch signed a consent and release form before appearing on the July 13, 2005 episode of *The 700 Club*.  However, the Court does not need to reach the issue of construing this release because the Court finds that neither CBN nor Robertson used Busch's image to promote anything other than the Weight Loss Challenge.

Busch twice brought up the commercial shake product.  Busch alleges that before going on the show he was encouraged to mention the commercial product.  Robertson's affidavit states that CBN employees specifically instructed Busch not to mention the commercial product.  (*Id.* at Ex. 1, ¶ 6).  The interview never focused on the commercial product, but moved to new topics relatively quickly both times Busch mentioned it.  In contrast, Robertson highlighted the Weight Loss Challenge, asking Busch how he used its elements and showing the booklet that was offered for free to the viewers.  The interview as a whole cannot be seen as an advertisement or solicitation of the commercial shake.

Busch's image also appeared on CBN's website, as part of the normal procedure for guests on *The 700 Club*.  (*Id.* at Ex. 2, ¶ 10).  There is no mention of the commercial shake product with Busch's picture.  (Ex. attached to Pl.'s Opp'n to Mot. for Summ. J.).  Busch's complaint only alleges misappropriation of his image in relation to *The 700 Club*.  As discussed above, Busch's image was used in connection with *The 700 Club* to promote the Weight Loss Challenge, and not the commercial diet shake.  Busch has not provided evidence of any other alleged instance of misappropriation connected to Defendants.  Busch cannot prevail on his misappropriation of image claim.

**B.  Fraud**

Busch's fraud claim will be analyzed under Texas law.  *Busch I* at *5.  Under Texas law, the elements of fraud are:

> (1) that a material representation was made; (2) that it was false; (3) that when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it should be acted

upon by the party; (5) that the party acted in reliance upon it; (6) that
he thereby suffered injury.

*Stone v. Lawyers' Title Ins. Co.*, 554 S.W.2d 183, 185 (Tex. 1977).  Busch alleges that certain

statements made to him by CBN employees caused him to submit his "before" and "after"

photographs for the purpose of promoting the Weight Loss Challenge when in fact CBN and

Robertson were planning to use the images to promote the commercial shake.  Busch's first

amended complaint fails to specify which statements where allegedly fraudulent; however, the

Court previously determined that two statements made by CBN employee Ellen Eaton in email

correspondence with Busch and his wife constituted the alleged fraud.  *Busch I* at *6.  One

statement thanked Busch "for willing to be an encouragement to our viewers," and the other

statement was that, "[W]e strongly feel that Phil's story is incredibly encouraging and that our

viewers would see in Phil's photos that dreams truly do come true!"  (Defs.' Mem. in Supp. of

Their Mot. for Summ. J., Ex. A attached to Ex. 4).

Busch's fraud claim is without merit.  The two statements by Eaton were intended to

thank Busch for his willingness to help promote the Weight Loss Challenge.  Busch has

presented no evidence that these two statements were false or that any other statements made to

him by CBN's employees were false.  As discussed above, Busch's image was only used to

promote the Weight Loss Challenge.  In addition, Busch has no independent evidence that Eaton

knew the statements were false or that she recklessly asserted them without knowledge of the

truth.  Defendants have produced Eaton's affidavit denying this element of fraud.  (*Id.* at Ex. 4,

¶¶ 8-10).  Finally, Busch has shown no damage from any alleged fraudulent statement because,

again, Busch's image was not in fact misappropriated.

## C. Unjust Enrichment

Busch's third claim is for unjust enrichment, and it will be analyzed under Virginia law.

*Busch I* at *7.  This Court has determined that Busch's unjust enrichment claim is a quasi-

contract claim where Busch must prove:

> (1) a benefit conferred on the defendant by the plaintiff; (2)
> knowledge on the part of the defendant of the conferring of the
> benefit; and (3) acceptance or retention of the benefit by the
> defendant in circumstances that render it inequitable for the defendant
> to retain the benefit without paying for its value.

*Whitehurst v. Cho*, No. 99231, 1992 WL 884510, at *1 (Va. Cir. Ct. Feb. 19, 1992); *see also*

*Microstrategy, Inc. v. Netsolve, Inc.*, 368 F. Supp. 2d 533, 537 (E.D. Va. 2005).  Busch is unable

to establish that Defendants used Busch's image to promote a commercial product.  Therefore,

Busch has not shown that Defendants accepted or retained any benefit "in circumstances that

render it inequitable for the defendant to retain the benefit without paying for its value."

*Whitehurst*, 1992 WL 884510, at *1.  Busch cannot prevail on his unjust enrichment claim.

## D. Civil Conspiracy

Busch's final claim is for civil conspiracy.  This claim will be analyzed under Virginia

law.  *Busch I* at *8.  In Virginia, "A common law conspiracy consists of two or more persons

combined to accomplish, by some concerted action, some criminal or unlawful purpose or some

lawful purpose by a criminal or unlawful means."  *Commercial Bus. Sys., Inc. v. BellSouth*

*Servs., Inc.*, 249 Va. 39, 48, 453 S.E.2d 261, 267 (1995).  In addition, the foundation of civil

conspiracy "is the damage caused by the acts committed in furtherance of the conspiracy."  *Id.*

Busch alleges that Defendants conspired to promote the commercial diet shake using CBN's tax-

exempt resources, and that in doing so Defendants misappropriated his image.

In the present case, Busch is unable to show that Defendants misappropriated his image. Busch has produced no evidence to show that CBN violated any Internal Revenue Code provisions or that Robertson and CBN conspired for any unlawful purpose.  Consequently, Busch's claim for civil conspiracy is without merit.


## IV.  CONCLUSION

The Court granted Defendants' motion for summary judgment for the foregoing reasons.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion to counsel and parties of record.

**IT IS SO ORDERED**.


_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE


Norfolk, Virginia
April 12, 2007